UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Dennis Jewell | ) | Civil No. 10cv430 AJB |
| | ) | |
| Plaintiff, | ) | Order Denying: Motion to Dismiss [Doc. No. 17]; Motion for Early Discovery Conference [Doc. No. 25]; and Motion for Leave to File Sur-Reply [Doc. No. 30] |
| v. | ) | |
| | ) | |
| Steve Francis, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Dennis Jewell, a California prisoner proceeding pro se, filed his First Amended Complaint (hereinafter "FAC") pursuant to 42 U.S.C. § 1983 on March 10, 2010. [Doc. No. 3.] The Defendants filed a motion to dismiss the FAC. [Doc. No. 17.] The parties consented to Magistrate Judge jurisdiction and the consent was signed by Judge Huff and entered on June 30, 2010. [Doc. No. 18.] The Plaintiff filed an opposition[1] to the motion to dismiss. [Doc. No. 24]. Defendants' filed a reply. [Doc. No. 29.] For the reasons set forth below, Defendants' motion to dismiss is hereby DENIED.

The Plaintiff filed a motion for leave to file a sur-reply. [Doc. No. 30.] The Defendants filed an opposition. [Doc. No. 30.] There were no new grounds raised in the reply and hence no valid reason to

---

[1] The Plaintiff filed a motion for extension of time to file opposition on July 7, 2010, [Doc. No. 19], and the Defendants filed a notice of non-opposition on July 9, 2010, [Doc. No. 20]. Plaintiff's motion for extension of time was granted, [Doc. No. 21], and the Plaintiff was ordered to file his opposition on or before August 9, 2010.

allow the additional briefing requested by the Plaintiff.  As such, the Plaintiff's motion for leave to file a sur-reply is hereby DENIED.

The Plaintiff also filed a motion for early discovery conference. [Doc. No. 25.] The Defendants filed an opposition. [Doc. No. 28.] Discovery at this juncture is not warranted given the pending motion to dismiss and as such, the Plaintiff's motion for early discovery is DENIED.  *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829-30 (9th Cir. 2003).

### *Procedural Background*

In the instant case, the Plaintiff alleges that he was denied a religious vegetarian diet from October 1, 2005 until April 14, 2006.  The Plaintiff filed a 602 grievance on October 5, 2005, which was denied on October 31, 2005 and Plaintiff states that he received the decision on November 14, 2005. [Doc. No. 3-2, at page 31.] The Plaintiff filed his appeal requesting the first level of review of the decision on November 25, 2005, which was denied on December 27, 2005 and it states that Plaintiff received the decision on December 29, 2005. *Id.* at 32.  The Plaintiff filed his appeal of the decision requesting the second level of review on January 6, 2006, which was denied on January 25, 2006 and Plaintiff states that received the decision on January 30, 2006. *Id.* The Plaintiff filed his appeal requesting the third level of review on February 8, 2006, which was denied on May 1, 2006.  *Id.* at 33.

The Plaintiff filed his initial Complaint under 42 U.S.C. § 1983 on February 21, 2010. [Doc. No. 1.] Plaintiff filed his FAC, which is the operative pleading, on March 10, 2010. [Doc. No. 3.]

### *Legal Standard*

"On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). "Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.' . . ." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

Federal law governs when Plaintiff's § 1983 claims accrued and when the limitations period begins to run. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir.1998). Under federal law,

"the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.' " *Id.*

California law determines the applicable statute of limitations in this § 1983 action. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999). Effective January 1, 2003, the applicable California statute of limitations was extended to two years. *See Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir.2004)(*citing* Cal. Civ. Proc. Code § 335.1). California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.

### *Discussion*

In the instant motion to dismiss, the Defendants argue that Plaintiff's claims are barred by the statute of limitations. The Defendants' argue that the Plaintiff's claims accrued on October 1, 2005, when Defendant Chaplain Francis denied Plaintiff a religion-based vegetarian diet, and expired four years later on October 1, 2009. The Defendants contend the instant complaint is time barred because the Plaintiff did not file his complaint in this action until February 21, 2010, nearly five months later.

At issue in this motion is whether the Plaintiff is entitled to additional tolling during the period from October 5, 2005 when he filed his first 602 administrative grievance and when the vegetarian diet was restored on April 14, 2006. The Defendants argue that the statute of limitations was already tolled as a result of Plaintiff's incarcerated status while he was pursuing his administrative remedies and because the administrative grievance process was complete before the statute of limitations period began to run on October 1, 2007, the Plaintiff is not entitled to any additional tolling because the statute of limitations was already tolled.

"The applicable statute of limitations [in a § 1983 action] must be tolled while a prisoner completes the mandatory exhaustion process [required by 42 U.S.C. § 1997e(a)]." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005); *see also Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001) ("We thus hold that in the ordinary case, a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process."); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (tolling is appropriate while the prisoner completes mandatory exhaustion requirements); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (same).

1  Based upon the foregoing, the Plaintiff is entitled to additional tolling during the period from October 5, 2005 when he filed his first 602 administrative grievance and when the vegetarian diet was restored on April 14, 2006, when an administrative grievance or appeal was pending.  Since the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party in ruling on this motion to dismiss, the Court's finds that upon review of the record attached to the Plaintiff's FAC,[2] that Plaintiff's administrative actions were pending for 163 days.  The period of October 1, 2005 to February 21, 2010, when adjusted to included the additional 163 days tolled during exhaustion of Plaintiff's administrative remedies, results in only 1441 days of the allowable 1460 day statute of limitations elapsing before the Plaintiff filed his complaint in this Court on February 21, 2010.  As such, the Plaintiff's complaint was timely.

## *Conclusion*

For the reasons set forth above, the Defendants' Motion to Dismiss is hereby DENIED. The Court ORDERS Defendants to file an answer to plaintiff's FAC within twenty (20) days of the date on which this Order is entered.  The Clerk is directed to send copies of this Order to plaintiff and to counsel for defendants.

IT IS SO ORDERED.

DATED:  February 3, 2011

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[2] *See* Doc. No. 3-2, pgs.31-33.